OPINION
{¶ 1} Appellant Mitzi Findo appeals from the November 28, 2005, Judgment Entry of the Licking County Court of Common Pleas, Juvenile Division.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant Mitzi Findo is the mother of Austin Brown, who was born on January 31, 1994. On October 8, 2004, the Licking County Department of Job and Family Services (LCDJFS) filed a complaint in the Licking County Court of Common Pleas, Juvenile Division, alleging that Austin was a dependent and/or neglected child. Pursuant to a Judgment Entry filed on the same day, LCDJFS was ordered to take Austin into shelter care custody.
 {¶ 3} At the adjudicatory hearing held on December 6, 2004, appellant and Austin's father, Ricky Brown, admitted the allegations in the complaint. Temporary custody of Austin was awarded to LCDJFS.
 {¶ 4} A semi-annual review was held on March 17, 2005. Appellant was not present at the same. An interim review was held on May 10, 2005. Appellant did not appear.
 {¶ 5} Thereafter, on August 31, 2005, LCDJFS filed a complaint seeking permanent custody of Austin. Appellant failed to appear for the semi-annual review on September 16, 2005.
 {¶ 6} A permanent custody hearing was held on November 9, 2005, before a Magistrate. Appellant was not present, despite having been served with a summons and notice of the hearing. The Magistrate indicated on the record that appellant had "called the Court staff today making multiple excuses for why she wasn't here. The case was set for 8:30; it's now 9:20 a.m. and the mother is not present." Transcript at 6. Appellant's attorney then moved the trial court for a continuance of the hearing, stating, in relevant part, as follows:
 {¶ 7} "MR. OBORA: Well, Your Honor, as the Court has already noted, my client called earlier today. I did have an opportunity to speak with her by phone when she called. She did ask that I request a continuance in this matter. She indicated that she had been ill and was unable to attend the hearing, and so I would, on her behalf, move the Court for a continuance of these proceedings, until she can be present." Transcript at 6.
 {¶ 8} After the Guardian Ad Litem requested that the trial court deny the request for a continuance, the trial court denied the same, stating as follows:
 {¶ 9} "THE COURT: Given the nature of the case, the totality of the circumstances to date and the circumstances surrounding mother's non-appearance, I'll find that it would be contrary to the child's best interest to continue the case further without any reasonable basis to believe that mother would appear should the case be continued to a later date. So, the motion to continue will be denied." Transcript at 7.
 {¶ 10} Subsequently, the Magistrate, in a decision filed on November 28, 2005, recommended that LCDJFS be granted permanent custody of Austin and that appellant's parental rights be terminated. The Magistrate, in his decision, stated, in relevant part, as follows:
 {¶ 11} "Mother did not appear for the scheduled hearing despite proper service. Her attorney, John Obora, reported difficulty contacting mother over the past several months regarding the Motion for Permanent Custody.
 {¶ 12} "Prior to the presentation of evidence, Mr. Obora made an oral motion for a continuance to allow more opportunity to locate and communicate with mother. The request was DENIED. There is no reason to believe that delaying the hearing again would result in any additional opportunity for Mr. Obora to consult with his client or such a delay would result in mother appearing for the hearing as ordered."
 {¶ 13} Via a Judgment Entry filed on the same day, the trial court adopted and approved the Magistrate's decision.[1]
 {¶ 14} Appellant now raises the following assignment of error on appeal:
 {¶ 15} "I. THE TRIAL COURT'S DENIAL OF APPELLANT'S CONTINUANCE WAS AN ABUSE OF DISCRETION. BECAUSE APPELLANT'S CONTINUANCE WS [SIC] DENIED, THE TRIAL COURT VIOLATED HER DUE PROCESS RIGHTS UNDER THE UNITED STATES AND OHIO CONSTITUTIONS."
 I {¶ 16} Appellant, in her sole assignment of error, argues that the trial court abused its discretion in denying her request for a continuance of the permanent custody hearing. We disagree.
 {¶ 17} The grant or denial of a continuance is a matter entrusted to the broad, sound discretion of the trial court.State v. Unger (1981), 67 Ohio St.2d 65, 67, 423 N.E.2d 1078. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 18} As is stated above, in denying appellant's request for a continuance, the Magistrate noted that appellant had called the court the morning of the hearing and provided "multiple excuses" as to why she could not attend the hearing. The Guardian Ad Litem objected to any continuance. In addition, as is stated above, the record reveals that appellant failed to attend review hearings on March 17, 2005, May 10, 2005 and September 16, 2005. Finally, after the trial court denied the request for a continuance, appellant's counsel indicated on the record to the trial court that, other than the telephone call from appellant on the morning of the November 9, 2005, permanent custody hearing, he had not spoken with appellant since June of 2005.
 {¶ 19} Based on the foregoing, we find that the trial court did not abuse its discretion in denying appellant's request for a continuance. The trial court's decision was not arbitrary, unreasonable or unconscionable.[2]
 {¶ 20} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 21} Accordingly, the judgment of the Licking County Court of Common Pleas, Juvenile Division, is affirmed.
By: Edwards, J. Hoffman, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to appellant.
[1] Appellant's December 12, 2005, motion for an extension of time to file objections to the Magistrate's decision was denied by the trial court.
[2] Appellant's brief contains an affidavit signed by appellant indicating that she was not present on November 9, 2005, since she was admitted to Shepherd Hill on the morning of November 9, 2005, for treatment of chemical dependency and psychiatric issues. However, since such affidavit which was notarized on February 9, 2006, was not filed with the trial court and is not part of the record, we cannot consider the same. For the same reason, we cannot consider the copy of a note from Shepherd Hill dated February 8, 2006, which was attached to appellant's brief stating that appellant was a patient from November 9, 2005 to November 14, 2005.